ORIGINAL



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LAMONT BIGGS,<br><br>　　　　　Defendant. | Cr. No. 93-0597GT<br><br>**ORDER** |

On April 9, 2007, the Court held a contested hearing on the alleged violations of Defendant, Lamont Biggs ("Mr. Biggs"), supervised release. Essentially, it was a motion hearing for Mr. Biggs' Motions to Dismiss the OSC on several grounds. After careful consideration of the briefs filed and the evidence presented at the hearing, Mr. Biggs' Motions to Dismiss the OSC are **DENIED.**

On October 1, 1993, Mr. Biggs pled guilty to two counts of Conspiracy to Manufacture Methamphetamine and Wrongful possession of a Listed Chemical, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (d)(2), 802(33) and (820)(34)(C). Mr. Biggs was sentenced to 108 months in custody and five years supervised release.

On January 31, 2001, a Petition for Warrant for violating Supervised Release was issued. The Petition, in allegations 1-3, alleged that Mr. Biggs violated his supervised release because he was arrested by the Royal Canadian Mounted Police. Mr. Biggs was arrested for production of methamphetamine (allegation 1), possession for the purpose of trafficking (allegation 2), and possession of a controlled substance (allegation 3). The Petition also alleged that Mr. Biggs resigned from his employment without notifying his probation officer and he changed his last known residence without notifying his probation officer, his whereabouts was unknown.

An amended Petition was filed on December 29, 2004 which alleged the same violations of supervised release and added the probation officer's declaration under penalty of perjury that the information in the Petition was true and correct. On October 27, 2006, Mr. Biggs was arraigned on the amended Petition and denied all allegations. On March 23, 2007, a Second Amended Petition was filed adding two more allegations of non-compliance.

Mr. Biggs now requests this Court to dismiss the OSC on several grounds or in the alternative decline to impose custody because the "supervised release regime is unconstitutional."

First, Mr. Biggs argues that this Court lacks jurisdiction because a valid warrant was not issued during his period of supervised release. Under 18 U.S.C. § 3583(i), the court may revoke a defendant's supervised release after it has expired if a valid warrant has been issued prior to its expiration. However, this section is not applicable because Mr. Biggs' term of supervised release has not yet expired. Mr. Biggs was sentenced to a five-year term of supervised release. This term of supervised release commenced on March 29, 2000. If not tolled, Mr. Biggs' term of supervised release would have expired in March of 2005. However, Mr. Biggs' absconded from supervision on November 14, 2000. He was subsequently arrested by the Canadian police and was sentenced on May 7, 2001 for production of methamphetamine. He was released from Canadian custody on May 10, 2002. However, on that same day, he once again escaped, this time from immigration custody and remained at large until October 12, 2006. Mr. Biggs' supervised release was tolled both when he absconded from supervision (See United States v. Delamora, 451 F.3d 977 (9th Cir. 2006)) and when he was incarcerated in Canada (See 18 U.S.C. § 3624(e)). Hence, Mr. Biggs is still on supervised release and this Court still has jurisdiction to revoke his term of supervised

Case 3:93-cr-00597-GT   Document 261   Filed 05/07/07   PageID.296   Page 3 of 3

release. Hence, this argument fails.

Second, Mr. Biggs argues that the OSC should be dismissed for failure to allege a violation. Mr. Biggs argues that since his criminal conviction was in Canada and not in the United States, this did not violate the mandatory condition that he not "commit another federal, state, or local crime." While the Court disagrees with this argument, it does not have to decide the issue of whether or not a foreign conviction violates the mandatory condition of supervised release. The Probation Department amended the Violation Petition to include two additional violations that the defendant not use, purchase or distribute a controlled substance nor that he frequent places where controlled substances are used or sold. The fact that this violation occurred in Canada is not an issue. So, this argument fails.

Third, Mr. Biggs' argues that he was not given notice that a foreign conviction would violate the terms of his supervised release. Again, while the Court disagrees with this argument, it need not decide this issue. As stated above, the Probation Department amended the Petition to include the controlled substance violations. During the contested hearing, Ms. Berland testified that she went over all the conditions of supervised release with Mr. Biggs. (Trans. 38) Clearly Mr. Biggs had notice that he was not to use, distribute or sell a controlled substance, regardless of the location. Hence, this argument fails.

Finally, Mr. Biggs' requests that this Court decline to impose custody because the supervised release statue is unconstitutional. This argument has been presented and consistently rejected by the Ninth Circuit. See United States v. Liero, 298 F.3d 1175 (9th Cir. 2002). Hence, this argument fails as well. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss the OSC are **DENIED.**

**IT IS SO ORDERED.**

5-2-07
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel

3

93cr0597