ORIGINAL



FILED
SEP 14 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Lamont Craig Biggs,<br><br>Defendant. | Cr. No. 93-0597GT<br><br>**ORDER** |

On August 27, 2007, an evidentiary hearing was held to determine whether or not Defendant, Lamont Craig Biggs ("Mr. Biggs"), violated the terms and conditions of his supervised release as stated in the original petition, the amended petition and the second amended petition ("Petition"). For the reasons stated below the Court finds that Mr. Biggs violated the terms and conditions of his supervised release as to each and every allegation. Accordingly, Mr. Biggs' supervised release is **REVOKED**.

**BACKGROUND**

On October 1, 1993, Mr. Biggs pled guilty to two counts of Conspiracy to Manufacture Methamphetamine and Wrongful possession of a Listed Chemical, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (d)(2), 802(33) and (820)(34)(C). Mr. Biggs was sentenced to 108 months in

custody and five years supervised release.

On January 31, 2001, a Petition for Warrant for violating Supervised Release was issued. The Petition alleged that Mr. Biggs violated the mandatory condition that he "not commit another federal, state, or local crime." The Petition, in allegations 1-3, alleged that Mr. Biggs violated his supervised release because he was arrested by the Royal Canadian Mounted Police. Mr. Biggs was arrested for production of methamphetamine (allegation 1), possession for the purpose of trafficking (allegation 2), and possession of a controlled substance (allegation 3). On May 7, 2001, Mr. Biggs pled guilty to production of methamphetamine in Canada and was sentenced to 36 months custody. On May 2, 2002, Mr. Biggs was released from Canadian custody to an INS detainer for extradition to the United States. On that same day, Mr. Biggs escaped from INS custody and remained at large until October 12, 2006. On October 12, 2006, Mr. Biggs was again arrested in Canada for operating a methamphetamine lab. He was not prosecuted on these charges, but was turned over to the U.S. Marshal Service.

The Petition also alleged that Mr. Biggs resigned from his employment without notifying his probation officer and he changed his last known residence without notifying his probation officer. His whereabouts was unknown until the Royal Canadian Mounted Police contacted his Probation Officer informing her of his arrest in Canada.

An amended Petition was filed on December 29, 2004 which alleged the same violations of supervised release and added the probation officer's declaration under penalty of perjury that the information in the Petition was true and correct. On October 27, 2006, Mr. Biggs was arraigned on the amended Petition and denied all allegations. On March 23, 2007, a Second Amended Petition was filed adding two more allegations of non-compliance. These allegations alleged that Mr. Biggs violated the standard conditions that he shall not purchase, use or distribute a controlled substance and that he not frequent places where controlled substances are illegally sold, used or distributed.

\\
\\
\\

## SUPERVISED RELEASE VIOLATIONS

### A. Allegations 1-3: Not Commit another Federal, State, or Local Crime

Allegations 1-3 of the Petition allege that Mr. Biggs violated the mandatory condition of supervised release that he not commit another federal, state or local crime. Specifically, allegation number 1 alleges that Mr. Biggs was arrested by the Royal Canadian Mounted Police for production of methamphetamine as evidence by an Indictment (#2000-TRIV-301) filed in Provincial District Court, Quebec, Canada. Allegation number 2 alleges that Mr. Biggs was arrested of possession for the purposes of trafficking, as evidenced by the same Indictment. Allegation number 3 alleges that Mr. Biggs was arrested for possession of a narcotic of the Controlled Drugs and Substances Act, as evidence by the same Indictment.

On May 7, 2001, Mr. Biggs pled guilty to production of methamphetamine in Quebec, Canada, as evidenced by Government's exhibit 21. This exhibit includes the "Proces-Verbal Informatise" which is similar to a Judgement and Commitment. This document was translated by Martin Dallaire ("Mr. Dallaire") at the evidentiary hearing. Mr. Dallaire is an Officer with the Royal Canadian Mounted Police and supervised the investigation of Mr. Biggs in Canada. Mr. Dallaire also gave lengthy testimony about the surveillance and arrest of Mr. Biggs. During surveillance, others were seen purchasing precursor chemicals for the making of methamphetamine. These precurser chemicals were delivered to a residence where Mr. Biggs was staying. Later, Mr. Biggs was arrested at that residence which was clearly set up as a methamphetamine lab. The Government submitted photos of the precursor chemicals at the residence as well as bags of methamphetamine. In short, there is ample evidence that Mr. Biggs violated the conditions of his supervised release as alleged in allegations 1-3 of the Petition.

### B. Allegations 4 and 5: Notify Probation Officer

Allegations 4 and 5 of the Petition allege that Mr. Biggs violated that standard condition of his supervised release that he notify the Probation Officer within 10 days **prior** to any change of residence or employment. Specifically, allegation number 4 alleges that Mr. Biggs resigned from his employment at Midnight Adult Bookstore and Blockbuster Video without notifying his Probation Officer. Allegation number 5 alleges that Mr. Biggs moved from his last known

residence without notifying his Probation Officer.

Janet Bergland ("Ms. Bergland"), Mr. Biggs' Probation Officer, testified and stated in the Petition that Mr. Biggs left his employment at the Midnight Adult Bookstore on November 17, 2000 and left his employment at Blockbuster Video on November 18, 2000. Ms. Bergland also stated that Mr. Biggs' landlord told her that Mr. Biggs left his apartment on November 30, 2000. Finally, Ms. Bergland stated that Mr. Biggs had not contacted her since November 14, 2000. On December 14, 2000, Ms. Bergland was contacted by the Royal Canadian Mounted Police and informed her that Mr. Biggs had been arrested in Canada using the name of "Clifford Kimmery." Essentially, Mr. Biggs absconded from supervision and remained at large until he was arrested again in Canada in 2006. Hence, there is ample evidence that Mr. Biggs violated the standard conditions as alleged in allegation number 4 and number 5 of the Petition.

**C. Allegations 6 and 7: Controlled Substances**

Allegation number 6 of the Petition alleges Mr. Biggs violated the standard condition of his supervised release that he not use, distribute or administer any controlled substance or related paraphernalia. The Petition states that this violation is evidenced by his guilty plea and conviction for production of methamphetamine. Allegation number 7 alleges that Mr. Biggs violated the standard condition of his supervised release that he not frequent places where controlled substances are illegally sold, used or distributed. The Petition states that this violation is also evidenced by his guilty plea and conviction for production of methamphetamine.

As stated above, on May 7, 2001, Mr. Biggs pled guilty to production of methamphetamine in Quebec, Canada, as evidenced by Government's exhibit 21. There was also ample testimony about both the surveillance and arrest of Mr. Biggs for operating a methamphetamine lab. Hence, there is sufficient evidence to show that Mr. Biggs violated the standard conditions as alleged in allegation number 6 and 7. Accordingly,

//

//

//

1         **IT IS ORDERED** that Mr. Biggs' supervised release is **REVOKED**.

*Sept. 13, 2007*
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel