FILED
MAR 03 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT BIGGS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civ. No. 09-1838GT<br>Cr. No.  93-05976GT<br><br>**ORDER** |

On August 24, 2009, Petitioner, Lamont Biggs ("Mr. Biggs"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Specifically, Mr. Biggs argues that he received ineffective assistance of counsel at his revocation of supervised release hearing. The Court has fully considered this matter, including a review of the extensive case file, the brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Biggs' Motion is **DENIED**.

//

//

On October 1, 1993, Mr. Biggs pled guilty to two counts of Conspiracy to Manufacture Methamphetamine and Wrongful possession of a Listed Chemical, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (d)(2), 802(33) and (820)(34)(C). Mr. Biggs was sentenced to 108 months in custody and five years supervised release.

On January 31, 2001, a Petition for Warrant for violating Supervised Release was issued. The Petition alleged that Mr. Biggs violated the mandatory condition that he "not commit another federal, state, or local crime." The Petition, in allegations 1-3, alleged that Mr. Biggs violated his supervised release because he was arrested by the Royal Canadian Mounted Police. Mr. Biggs was arrested for production of methamphetamine (allegation 1), possession for the purpose of trafficking (allegation 2), and possession of a controlled substance (allegation 3). On May 7, 2001, Mr. Biggs pled guilty to production of methamphetamine in Canada and was sentenced to 36 months custody. On May 2, 2002, Mr. Biggs was released from Canadian custody to an INS detainer for extradition to the United States. On that same day, Mr. Biggs escaped from INS custody and remained at large until October 12, 2006. On October 12, 2006, Mr. Biggs was again arrested in Canada for operating a methamphetamine lab. He was not prosecuted on these charges, but was turned over to the U.S. Marshal Service.

The Petition also alleged that Mr. Biggs resigned from his employment without notifying his probation officer and he changed his last known residence without notifying his probation officer. His whereabouts was unknown until the Royal Canadian Mounted Police contacted his Probation Officer informing her of his arrest in Canada.

An amended Petition was filed on December 29, 2004 which alleged the same violations of supervised release and added the probation officer's declaration under penalty of perjury that the information in the Petition was true and correct. On October 27, 2006, Mr. Biggs was arraigned on the amended Petition and denied all allegations. On March 23, 2007, a Second Amended Petition was filed adding two more allegations of non-compliance. These allegations alleged that Mr. Biggs violated the standard conditions that he shall not purchase, use or distribute a controlled substance and that he not frequent places where controlled substances are illegally sold, used or distributed.

On August 27, 2007, an evidentiary hearing was held to determine whether or not Mr. Biggs violated the terms and conditions of his supervised release as stated in the original petition, the amended petition and the second amended petition. At the hearing, counsel for Mr. Biggs vigorously argued that Mr. Biggs did not violate the terms of his supervised release not to commit a federal, state or local crime, as alleged in Allegations 1-3, because Mr. Biggs was convicted in Canada and not the United States. The Court also heard evidence regarding the remaining four Allegations. The Court found that Mr. Biggs violated his supervised release as alleged in all seven Allegations. Mr. Biggs appealed that decision.

The Ninth Circuit vacated the district court's decision that Mr. Biggs violated the condition of his supervised release that he not commit any federal, state or local crime. However, the Ninth Circuit did state that Mr. Biggs' actual conduct in Canada did support a finding of a Grade A violation under § 7B1.1(a)(1) of the U.S. Sentencing Guidelines. The Ninth Circuit also noted that Mr. Biggs conceded this fact at oral argument. Mr. Biggs also argued before the Ninth Circuit that his due process rights were violated because he did not have notice that his actual actions in Canada could form the basis of the allegations against him. The Ninth Circuit rejected this argument, stating that Mr. Biggs had notice in the Second Amended Petition.

Mr. Biggs now argues in his Petition that his counsel was ineffective because he "failed to establish that defendant's actual conduct did not violate the terms of his supervised release." To support a claim of ineffective assistance of counsel, Mr. Biggs must show: 1) that his counsel's performance was deficient; and 2) that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A counsel's performance is deficient only if it falls below and "objective standard of reasonableness." Id. at 688.

In this case, counsel for Mr. Biggs presented a vigorous defense through out all stages of the proceedings. He argued that Mr. Biggs did not violate the condition of his supervised release to not commit a federal, state or local crime because the convictions took place in Canada. He filed briefs, requested an evidentiary hearing, filed an appeal and even won on that issue on appeal. Mr. Biggs' counsel's performance was not deficient in any way. Mr. Biggs argues that his counsel should have tried to establish that his actions did not violate the terms of his supervised release.

However, all the evidence presented at the evidentiary hearing and Mr. Biggs' convictions in Canada show otherwise. It is clear from the record and even Mr. Biggs' concessions that his actions in Canada supported a Grade A violation. Mr. Biggs' counsel could not have presented arguments to the contrary. Hence, Mr. Biggs's counsel's performance was not deficient. Accordingly,

**IT IS ORDERED** that Mr. Biggs' Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

IT IS SO ORDERED.

3.3.11
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter